# Exhibit B

IN THE MATTER OF THE ARBITRATION BETWEEN:

AAA Case No.: 01-24-0007-7039

TIMOTHY-ADRIAN WHITE, JR., )
    Claimant, )
 )
v )   CLAIMANT'S MOTION
 )   FOR SUMMARY JUDGMENT
 )
GREENSKY, LLC, and GOLDMAN )
SACHS BANK USA, )
    Respondents. )

RECEIVED
MAY 09 2025
Clerk, U.S. District Court
Fairbanks, AK

### CLAIMANT'S MOTION FOR SUMMARY JUDGMENT

COMES NOW, Claimant, Timothy-Adrian White, Jr., and pursuant to Rule 33 of the Consumer Arbitration Rules of the American Arbitration Association (AAA), respectfully moves this Tribunal to enter Summary Judgment in favor of Claimant and against Respondent, GreenSky, LLC, on the basis that there are no genuine issues of material fact remaining in dispute and that Claimant is entitled to judgment as a matter of law. In support of this Motion, Claimant states the following:

### I. INTRODUCTION

1. Claimant initiated this arbitration proceeding against Respondent, asserting claims related to an alleged debt and improper handling of Claimant's financial information.

2. Claimant propounded discovery requests to Respondent seeking relevant information necessary to support Claimant's claims, including:
   - Proof of standing and chain of title (original credit agreement, assignments, and transfers).
   - Securitization details (Pooling and Servicing Agreement, trust ownership, and investor records).
   - A full financial accounting of payments, fees, insurance settlements, and securitization profits.

3. Respondent has failed to produce any discovery responses, including but not limited to, responses to interrogatories and requests for production of documents, thereby failing to comply with its obligations under AAA Consumer Arbitration Rules.

4. Respondent has also introduced prejudicial language in filings, referring to Claimant as a

CLAIMANTI'S MOTION FOR SUMMARY JUDGMENT | 1 of 4

Case 4:25-cv-00018-SLG    Document 1-2    Filed 05/09/25    Page 2 of 5

"sovereign citizen," which is irrelevant to this arbitration and serves only to bias the proceeding against Claimant.

## II. UNDISPUTED FACTS

5. On March 3, 2025, Claimant served Respondent with written discovery requests seeking documents and information relevant to the arbitration claims.
6. Respondent has explicitly stated that it has no discovery to provide and has not submitted responses to Claimant's discovery requests.
7. Without discovery responses from Respondent, there is no evidence contradicting Claimant's allegations, thereby leaving no material facts in dispute.
8. Respondent has failed to establish standing as the legal holder in due course of the alleged debt. Without proof of legal ownership, Respondent lacks the authority to enforce the alleged obligation.

## III. LEGAL STANDARD FOR SUMMARY JUDGMENT

9. Under Rule 33 of the AAA Consumer Arbitration Rules, a party may move for summary disposition of any or all issues if there are no genuine disputes of material fact and the moving party is entitled to judgment as a matter of law.
10. Respondent's failure to provide discovery or rebut Claimant's claims effectively concedes the validity of Claimant's claims, warranting summary judgment in favor of Claimant.

## IV. ARGUMENT

11. Summary judgment is appropriate where there are no genuine disputes of material fact and a party is entitled to judgment as a matter of law.
12. Respondent's failure to participate in discovery or provide substantive responses eliminates any factual disputes, leaving only Claimant's unrebutted claims and evidence in the record.
13. Respondent's refusal to disclose proof of standing or securitization details prevents it from establishing a legal basis to enforce the alleged debt.
14. Courts and arbitrators routinely enter summary judgment against parties who fail to respond to discovery, as such failure is considered an admission that no genuine dispute

exists.

15. Respondent's use of prejudicial language in filings should also be considered as an improper attempt to bias the proceedings, further justifying judgment in favor of Claimant.

## V. RELIEF REQUESTED

WHEREFORE, Claimant respectfully requests that this Tribunal:

1. Enter Summary Judgment in favor of Claimant, Timothy-Adrian White, Jr.;
2. Grant Claimant the relief sought in the Arbitration Demand, including any damages, penalties, and costs as requested;
3. Reserve the right to submit a claim for monetary damages after Respondent is compelled to turn over financial documents relating to the credit card and its securitization;
4. Order that all costs of this arbitration be assessed against Respondent;
5. Strike all references to prejudicial language in Respondent's filings; and
6. Grant any further relief that the Tribunal deems just and appropriate.
7. Fix Claimant's credit to reflect its zero balance.

Respectfully submitted this __14__ day of March, 2025.

Respectfully submitted,

By: _Timothy-Adrian, Jr;. White_
Timothy-Adrian White, Jr.
Claimant, Pro Se

CLAIMANTI'S MOTION FOR SUMMARY JUDGMENT | 3 of 4

Case 4:25-cv-00018-SLG    Document 1-2    Filed 05/09/25    Page 4 of 5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Motion for Summary Judgment was served upon the following parties via email on this __14__ day of March, 2025:

> Sean W. Fleming, Esq.
> MacDonald Devin Madden Kenefick & Harris PC
> 12770 Coit Road, Suite 1100
> Dallas, TX 75251
> Email: sfleming@macdonalddevin.com

By: *Timothy-Adrian, Jr. White*
Timothy-Adrian White, Jr.
Claimant, Pro Se