# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| TIMOTHY WHITE,<br><br>              Plaintiff,<br><br>    v.<br><br>GREENSKY, LLC, and GOLDMAN SACHS BANK USA,<br><br>              Defendants. | Case No. 4:25-cv-00018-SLG |

## ORDER COMPELLING ARBITRATION AND STAYING CASE

Before the Court are two motions filed by Defendants Greensky, LLC and Goldman Sachs Bank USA. At Docket 9 is Defendants' Motion to Compel Arbitration as to All Claims Asserted by Plaintiff and to Dismiss or Stay Claims of Plaintiff Pending Arbitration.[1] At Docket 10 is Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff Timothy White did not file a response to either motion, but filed an Amended Verified Complaint With Demand for Jury Trial at Docket 13.

For the reasons set forth below, the Court GRANTS Defendants' motion to compel arbitration; this action is STAYED until further order of the Court. The

---

[1] Defendants filed an errata at Docket 11, correcting an inadvertent failure to attach Exhibit E to the motion to compel arbitration.

Court also DENIES as moot Defendants' motion to dismiss and STRIKES Mr. White's late-filed amended complaint.

## BACKGROUND

The factual and procedural background of this case are set forth in the Court's June 6, 2025 order denying Mr. White's Emergency Motion for Temporary Restraining Order and Preliminary Injunction.[2] As relevant here, on December 4, 2022, Mr. White entered into an installment loan agreement for a "Shopping Pass"[3] with Goldman Sachs Bank USA, Salt Lake City Branch, Salt Lake City, Utah as the lender and Greensky, LLC as the servicing agent (the "Loan Agreement").[4] Paragraph 19 of the Loan Agreement requires that all "Claims" between the parties be resolved by arbitration "IF ARBITRATION IS CHOSEN BY ANY PARTY."[5]

---

[2] Docket 5.

[3] Defendants describe the "Shopping Pass" as "essentially a credit card with a set limit that is only valid for paying a specific merchant for construction work." Docket 9 at 3.

[4] Docket 9 at 2–3 (citing Docket 9-1–9-4, Docket 9-13).

[5] Docket 9-1 at 8. The arbitration provision reads, in part:

> IF ARBITRATION IS CHOSEN BY ANY PARTY, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO LITIGATE THAT CLAIM IN COURT OR HAVE A JURY TRIAL ON THAT CLAIM. FURTHER, YOU AND WE WILL NOT HAVE THE RIGHT TO PARTICIPATE IN A REPRESENTATIVE CAPACITY OR AS A MEMBER OF ANY CLASS PERTAINING TO THAT CLAIM. ARBITRATION PROCEDURES ARE GENERALLY SIMPLER THAN THE RULES THAT APPLY IN COURT AND DISCOVERY IS MORE LIMITED. THE ARBITRATOR'S DECISIONS ARE AS ENFORCEABLE AS ANY COURT ORDER AND ARE SUBJECT TO VERY LIMITED REVIEW BY A COURT. THE ARBITRATOR'S

Mr. White initiated arbitration against Defendants with the American Arbitration Association, and arbitration proceeded in AAA Case No. 01-24-0007-7039 in early 2025.[6] As part of the arbitration proceedings, Mr. White filed a motion to compel discovery, which the arbitrator denied, and a motion for summary judgment.[7] On April 16, 2025 the arbitrator held a hearing on Mr. White's motion for summary judgment and determined that Mr. White did not provide a legal or factual basis for his claims.[8] The arbitrator ordered Mr. White to file the basis for

---

DECISION WILL BE FINAL AND BINDING. OTHER RIGHTS YOU OR WE WOULD HAVE IN COURT MAY ALSO NOT BE AVAILABLE IN ARBITRATION.

YOU MAY EXERCISE YOUR RIGHT TO REJECT ARBITRATION IN THE MANNER AND WITHIN THE TIME SPECIFIED IN SECTION 6 . PLEASE NOTE THAT IF YOU DO NOT WANT THIS ARBITRATION PROVISION TO APPLY TO YOU, YOU MUST OPT-OUT AS PROVIDED BELOW. EVEN IF YOU HAVE PREVIOUSLY OPTED-OUT OF ARBITRATION FOR A DIFFERENT PRODUCT OR SERVICE OFFERED BY GOLDMAN SACHS BANK USA YOU MUST SEPARATELY OPT OUT OF THIS ARBITRATION PROVISION IF YOU DO NOT WANT IT TO APPLY TO YOU BECAUSE GOLDMAN SACHS BANK USA MANAGES YOUR ARBITRATION OPTOUT AT THE PRODUCT OR SERVICE LEVEL.

Docket 9-1 at 8.

[6] Docket 9-5–9-12.

[7] Docket 9-10.

[8] Docket 9-12.

his claims on or before May 16, 2025.[9] A later order by the arbitrator indicates that Mr. White did not file a response to that order with the arbitrator by that deadline.[10]

Instead, on May 9, 2025, Mr. White initiated this action by filing a Verified Petition and Notice to Vacate Arbitration Proceedings and Complaint for Declaratory and Monetary Relief.[11] Mr. White alleges that he "initiated AAA Case No. 01-24-0007-7029, to address claims of improper debt handing and violations of consumer protection laws related to an alleged credit card account."[12] Mr. White contends that he "raised multiple legal defenses and demanded discovery" but that the arbitrator "refused to compel discovery" and "failed to enforce consumer protections under Alaska law and AAA Consumer Arbitration Rules."[13] The Complaint acknowledges that, as of its filing, "[n]o final award ha[d] been issued in arbitration."[14]

On June 6, 2025, the arbitrator ordered Defendants to file their request for fees and costs and afforded Mr. White ten days to file his response to Defendants'

---

[9] Docket 9-12.

[10] Docket 9-12.

[11] Docket 1.

[12] Docket 1 at ¶ 6.

[13] Docket 1 at ¶¶ 7–8.

[14] Docket 1 at ¶ 10.

proposed order and the requested fees and costs.[15] The arbitrator indicated that she would thereafter issue "one Final Order" in the arbitration case.[16] The current status of arbitration is unknown to this Court.

On June 17, 2025, Defendants each filed an answer in this action and jointly filed the pending motions.[17] In the instant motions, Defendants seek to compel arbitration of Plaintiffs' claims and to dismiss or stay this action.[18] Mr. White did not file a response to either motion, but, on July 24, 2025, filed an amended complaint without leave of Court and after the deadline for amending his complaint as a matter of course had passed.[19]

The Court has jurisdiction pursuant to 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. § 1367, supplemental jurisdiction.

## LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that arbitration clauses in contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as

---

[15] Docket 9-12.

[16] Docket 9-12.

[17] Dockets 7–9.

[18] Dockets 9, 10.

[19] Docket 13; see Fed. R. Civ. P. 15(a)(1) ("A party may amend its pleading once as a matter of course no later than: (A) 21 days after serving it, or (B) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b) , (e) , or (f) , whichever is earlier.").

exist at law or in equity for the revocation of any contract."[20] Section 4 of the FAA allows a party "aggrieved by the alleged . . . refusal of another to arbitrate under a written agreement for arbitration [to] petition any United States district court ... for an order directing that such arbitration proceed in the manner provided for in such agreement."[21]

In ruling on a motion to compel arbitration, a court must resolve two threshold issues: "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."[22] If these conditions are satisfied, the court lacks discretion to deny the motion and must compel arbitration.[23] In addition, § 3 of the FAA provides that once a court compels arbitration, the court "shall on application of one of the parties stay the trial of the action" until arbitration has occurred.[24] However, "[i]f the making of the arbitration

---

[20] 9 U.S.C. § 2.

[21] 9 U.S.C. § 4.

[22] *Chiron Corp. v. Ortho Diagnostic Sys.*, 207 F.3d 1126, 1130 (9th Cir. 2000).

[23] 9 U.S.C. § 4; *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) ("By its terms, the [FAA] leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration.").

[24] 9 U.S.C. § 3.

Case No. 4:25-cv-00018-SLG, *White v. Greensky, LLC, et al.*
Order Compelling Arbitration and Staying Case
Page 6 of 14

agreement or the failure, neglect, or refusal to perform the same be in issue, the court shall proceed summarily to the trial thereof."[25]

## DISCUSSION

### I. Mr. White's Amended Verified Complaint With Demand for Jury Trial

As an initial matter, the Court addresses Mr. White's amended complaint *sua sponte*.[26] Federal Rule of Civil Procedure 15(a) governs amendments to pleadings and provides that a party may amend its pleading once as a matter of course within 21 days after serving the pleading or within 21 days after service of a responsive pleading or a motion to dismiss under Rule 12(b), (e), or (f), whichever is earlier. After this period, amendments require either the opposing party's written consent or leave of the court, which should be "freely give[n] . . . when justice so requires."[27] "Where a party files an amended pleading without the right to do so, it is properly stricken by the Court."[28]

---

[25] 9 U.S.C. § 4.

[26] Docket 13.

[27] Fed. R. Civ. P. 15(a)(2).

[28] *Gazaway v. California*, Case No. 2:23-cv-0699-WBS-DMC, 2024 WL 3792294, at *1 (E.D. Cal. Aug. 13, 2024); *see also Hardin v. Wal-Mart Stores, Inc.*, 813 F. Supp. 2d 1167, 1181 (E.D. Cal. 2011) (citing *United States ex rel. Mathews v. HealthSouth Corp.*, 332 F.3d 293, 296 (5th Cir. 2003) ("If an amended pleading cannot be made as of right and is filed without leave of court or consent of the opposing party, the amended pleading is a nullity and without legal effect."); *Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) ("Generally speaking, an amendment that has been filed or served without leave of court or consent of the defendants is

Mr. White filed his amended complaint on July 24, 2025, more than 21 days after Defendants served their answers and Rule 12(b)(6) motion on June 17, 2025, and thus after the deadline for Mr. White to amend his complaint as a matter of course had passed.[29] Mr. White did not seek leave to amend his complaint, nor is there any indication that Defendants have given written consent to the amendment. The Court declines to consider the improper pleading and *sua sponte* strikes Mr. White's amended complaint.

### II. Defendants' Motion to Compel Arbitration as to All Claims Asserted by Plaintiff and to Dismiss or Stay Claims of Plaintiff Pending Arbitration

Defendants ask the Court to compel Mr. White to arbitrate his claims and to dismiss—or, in the alternative, stay—this action while arbitration proceedings are ongoing.[30] The Court's analysis proceeds in two steps: it must determine "(1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue."[31]

---

without legal effect."); *Hoover v. Blue Cross and Blue Shield of Alabama,* 855 F.3d 1538, 1544 (11th Cir. 1988)("As for the additional claims asserted in Hoover's second amended complaint, it is clear that the district court did not consider itself obliged to consider them since the plaintiff did not move for leave of court to file such a pleading under Fed. R. Civ. P. 15(a).... Here, the district court acted properly in treating Hoover's supplemental pleading as a nullity, particularly since it was inclined to deny any motion for leave to amend that Hoover might have filed.").

[29] *See* Docket 10; Docket 13; Fed. R. Civ. P. 15(a)(1).

[30] Docket 9.

[31] *Chiron Corp.*, 207 F.3d at 1130.

Case No. 4:25-cv-00018-SLG, *White v. Greensky, LLC, et al.*
Order Compelling Arbitration and Staying Case
Page 8 of 14

## A. Existence of a Valid Agreement to Arbitrate

"[A]rbitration is a matter of contract and a party cannot be required to submit to arbitration any dispute which he has not agreed so to submit."[32] Whether the parties agreed to arbitrate is a matter of basic contract interpretation.[33] The FAA provides that "[a] written provision in ... a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract ... shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."[34]

Mr. White does not dispute the existence of the Loan Agreement, that he entered into the Loan Agreement, that the Loan Agreement contains a binding arbitration clause, or that Greensky, LLC is authorized to enforce the arbitration agreement as the agent on behalf of Goldman Sachs Bank USA. Nor has Mr. White asserted that he opted out of the arbitration clause or that he did not agree to arbitrate. On the contrary, in prior filings in this case, Mr. White acknowledged that he utilized the arbitration clause by "initiat[ing] AAA Case No. 01-24-0007-7029, to address claims of improper debt handing and violations of consumer

---

[32] *AT&T Techs. v. Commc'ns Workers of Am.*, 475 U.S. 643, 648 (1986).

[33] *See id.* at 649 ("Unless the parties clearly and unmistakably provide otherwise, the question of whether the parties agreed to arbitrate is to be decided by the court....").

[34] 9 U.S.C. § 2.

Case No. 4:25-cv-00018-SLG, *White v. Greensky, LLC, et al.*
Order Compelling Arbitration and Staying Case
Page 9 of 14

protection laws related to an alleged credit card account."[35]  "[V]oluntary initiation of arbitration can be interpreted as waiver of any objection [the plaintiff] may have had over the authority of the arbitrator."[36]  The Court therefore finds that there is a valid arbitration agreement between Mr. White and Defendants.

### B. Scope of the Agreement to Arbitrate

Having found that a valid agreement to arbitrate exists, the Court next considers "whether the [arbitration] agreement encompasses the dispute at issue."[37]  Arbitration provisions are construed broadly, and any doubts are resolved in favor of arbitration.[38]  "[T]o require arbitration [an aggrieved party's] factual allegations need only touch matters covered by the contract containing the arbitration clause."[39]

The Loan Agreement's arbitration provision states: "IF ARBITRATION IS CHOSEN BY ANY PARTY, NEITHER YOU NOR WE WILL HAVE THE RIGHT TO

---

[35] Docket 1 at ¶ 6.

[36] *Nghiem v. NEC Elec., Inc.* 25 F.3d 1437, 1440 (9th Cir. 1994); *see also Ficek v. Southern Pac. Co.*, 338 F.2d 655, 657 (9th Cir. 1964) ("A claimant may not voluntarily submit his claim to arbitration, await the outcome, and, if the decision is unfavorable, then challenge the authority of the arbitrators to act.").

[37] *Chiron Corp.*, 207 F.3d at 1130.

[38] *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983).

[39] *Simula, Inc. v. Autoliv, Inc.,* 175 F.3d 716, 721 (9th Cir. 1999) (internal quotation marks omitted).

Case No. 4:25-cv-00018-SLG, *White v. Greensky, LLC, et al.*
Order Compelling Arbitration and Staying Case
Page 10 of 14

Case 4:25-cv-00018-SLG   Document 17   Filed 08/05/25   Page 10 of 14

LITIGATE THAT CLAIM IN COURT OR HAVE A JURY TRIAL ON THAT CLAIM."[40] The term "Claim" is defined as:

> any current or future claim, dispute or controversy relating in any way to this Agreement or the Loan or the relationship between you and us, except for the validity, enforceability, or scope of the arbitration provision set forth in Section 19(d) below. 'Claim' includes (i) initial claims, counterclaims, crossclaims, and third-party claims; (ii) claims based upon contract, tort, fraud, statute, regulation, common law and equity; (iii) claims by or against any third party using or providing any product, service or benefit in connection with this Agreement or the Loan; and (iv) claims that arise from or relate to (A) this Agreement, (B) the Loan, or any balances on the Loan, (C) advertisements, promotions or statements related to this Agreement or the Loan, (D) your application for any loan or other financing or (E) debt collection or credit reporting on or related to the Loan.[41]

In this case, Mr. White asserts federal claims under Truth in Lending Act, 15 U.S.C. § 1601 *et seq.*, and the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, as well as a state law claim for breach of contract.[42] These statutory and common law claims are types of claims expressly covered by the arbitration agreement. In addition, these claims relate to the Loan Agreement: Mr. White's claims are based on Defendants' "handling of the alleged credit account," Defendants' purported "misrepresentations about the nature of the debt," and the arbitrator's handling of "AAA Case No. 01-24-0007-7029," which Mr. White initiated

---

[40] Docket 9-1 at 8.

[41] Docket 9-1 at 8.

[42] Docket 1 at ¶¶ 13–16.

Case No. 4:25-cv-00018-SLG, *White v. Greensky, LLC, et al.*
Order Compelling Arbitration and Staying Case
Page 11 of 14

"to address claims of improper debt handing and violations of consumer protection laws related to an alleged credit card account."[43] Accordingly, the Court finds that the arbitration provision encompasses the claims in this case.[44]

### C. Stay or Dismissal

Defendants maintain that this case should be dismissed upon the referral of Plaintiffs' claims to arbitration.[45] In the alternative, Defendants request to stay the action pending arbitration.[46]

Section 3 of the FAA mandates that courts "shall" stay proceedings pending arbitration if the issues involved are referable to arbitration under a valid agreement and a party requests such a stay.[47] Until recently, the Ninth Circuit interpreted § 3 to afford district courts discretion to "either stay the action or dismiss it outright when the court determines that all of the claims raised in the action are subject to

---

[43] Docket 1 at ¶¶ 6, 13–16.

[44] To the extent that Mr. White seeks to vacate an arbitration award pursuant to 9 U.S.C § 10, *see* Docket at ¶ 11, that request is premature because no final arbitration award had been issued at the time the Complaint was filed. Docket 1 at ¶ 10. Nor does it appear from the record before the Court that a final arbitration award has been issued in the intervening months. While the Ninth Circuit has "refrain[ed] from issuing a blanket rule precluding intervention in an ongoing arbitration," mid-arbitration intervention is limited to "extreme cases." *In re Sussex*, 781 F.3d 1065, 1073 (9th Cir. 2015). In general, "[r]eview [of an arbitration proceeding] comes at the beginning or the end, but not in the middle." *Id.* (alterations in original) (quoting *Blue Cross Blue Shield of Mass., Inc. v. BCS Ins. Co.*, 671 F.3d 635, 638 (7th Cir. 2011)).

[45] Docket 9 at 15.

[46] Docket 9 at 11–12, 15.

[47] 9 U.S.C. § 3.

Case No. 4:25-cv-00018-SLG, *White v. Greensky, LLC, et al.*
Order Compelling Arbitration and Staying Case
Page 12 of 14

Case 4:25-cv-00018-SLG   Document 17   Filed 08/05/25   Page 12 of 14

arbitration.[48] The Supreme Court's decision in *Smith v. Spizzirri* abrogated this precedent and clarified that, under the FAA, courts must stay and not dismiss court proceedings pending arbitration, unless there is a separate basis for dismissal, such as lack of jurisdiction.[49]

As discussed above, the issues in this action are referable to arbitration. Although dismissal based on the applicability of an arbitration agreement is precluded by the Supreme Court's holding in *Spizzirri*, Defendants have alternatively requested a stay. Accordingly, the Court will stay this case pending resolution of arbitration.

### III. Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

Defendants separately move to dismiss Mr. White's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[50] Defendants note that they filed this motion "subject to their Motion to Compel Arbitration as to All Claims Asserted by Plaintiff and to Dismiss or Stay Claims of Plaintiff Pending Arbitration,"[51] which the Court reads as an acknowledgement that an order granting the motion to compel

---

[48] *See*, *e.g.*, *Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014); *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).

[49] 601 U.S. 472, 475–78 (2024).

[50] Docket 10.

[51] Docket 10 at 1 n.1.

Case No. 4:25-cv-00018-SLG, *White v. Greensky, LLC, et al.*
Order Compelling Arbitration and Staying Case
Page 13 of 14

Case 4:25-cv-00018-SLG   Document 17   Filed 08/05/25   Page 13 of 14

arbitration and staying this case renders this motion to dismiss moot. Because the Court grants the motion to compel arbitration and will stay this case until arbitration is complete, the Court denies the motion to dismiss at Docket 10 as moot, without prejudice to Defendants' filing of a subsequent motion to dismiss should the stay of this action be lifted.

## CONCLUSION

In light of the foregoing, IT IS ORDERED as follows:

1. Mr. White's Amended Verified Complaint With Demand for Jury Trial at Docket 13 is STRICKEN.

2. Defendants' Motion to Compel Arbitration at Docket 9 is GRANTED. This action is STAYED pending completion of AAA Case No. 01-24-0007-7039 in arbitration. The parties shall provide a status report regarding the status of arbitration no later than **August 31, 2025**, or within **14 days** of the entry of a final arbitration order, whichever is sooner.

3. Defendants' Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6) at Docket 10 is DENIED as moot.

DATED this 5th day of August, 2025, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 4:25-cv-00018-SLG, *White v. Greensky, LLC, et al.*
Order Compelling Arbitration and Staying Case
Page 14 of 14

Case 4:25-cv-00018-SLG    Document 17    Filed 08/05/25    Page 14 of 14