## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF ALASKA

TIMOTHY A. WHITE,

    Plaintiff,

v.

GREENSKY, LLC, and GOLDMAN SACHS BANK USA,

    Defendants.

Case No. 4:25-cv-00018-SLG

### ORDER ON TWO PENDING MOTIONS

Before the Court are two pending motions, both of which are resolved by this order. Oral argument was not requested and was not necessary for the Court's determination. At Docket 19 is Plaintiff Timothy White's Motion to Vacate Void Order Compelling Arbitration and Staying Case; Motion for Relief from Judgment Pursuant To Fed. R. Civ. P. 60(B)(4)(2), and Fed. R. Civ. P. 60(B)(3); and Request For Immediate Hearing. Defendants Greensky, LLC and Goldman Sachs Bank USA (collectively "Defendants") responded in opposition at Docket 22. No reply was filed. And at Docket 23 is Plaintiff's Motion to Vacate and Void Orders for Lack of Service and Denial Of Due Process. Defendants responded in opposition at Docket 24. No reply was filed.

For the reasons set forth below, the stay in this matter is LIFTED and Plaintiff's motions at Dockets 19 and 23 are GRANTED in part and DENIED in part.

## BACKGROUND

The Court assumes the reader's familiarity with its prior decisions.[1] The facts and procedural background as directly relevant to these motions are as follows:

On December 4, 2022, Plaintiff entered into an installment loan agreement with Goldman Sachs Bank USA as the lender and Greensky, LLC as the servicing agent (the "Loan Agreement").[2] Paragraph 19 of the Loan Agreement requires that all claims between the parties be resolved by arbitration "IF ARBITRATION IS CHOSEN BY ANY PARTY."[3] On September 11, 2024, Plaintiff initiated the arbitration process against Greensky, LLC with respect to the loan.[4]

On May 9, 2025, Plaintiff initiated this action against Greensky, LLC and Goldman Sachs Bank USA, seeking to vacate the arbitration proceedings.[5] In June 2025, Defendants answered and also filed a motion to dismiss and motion to compel arbitration.[6]

---

[1] *See generally* Docket 5; Docket 17.

[2] Docket 9 at 2-3 (citing Docket 9-1–9-4; and then Docket 9-13).

[3] Docket 9-1 at 8.

[4] Docket 20-1 at 3.

[5] Docket 1.

[6] Docket 7; Docket 8; Docket 9; Docket 10.

Case No. 4:25-cv-00018-SLG, *White v. Greensky, LLC, et al.*
Order on Two Pending Motions
Page 2 of 10
Case 4:25-cv-00018-SLG   Document 28   Filed 02/13/26   Page 2 of 10

On July 28, 2025, the Arbitrator entered an order granting Greensky's motion to dismiss the arbitration proceeding.[7] The Dismissal Order states that "[b]ecause no evidence was submitted by the Claimant, no damages are granted to him."[8] The order also states that "[d]ismissal with prejudice is granted in full settlement of all claims submitted to this Arbitration," but the Arbitrator declined to award Greensky its fees and costs.[9] Defendants notified this Court of the Arbitrator's Dismissal Order in a status report they filed in this case on August 14, 2025.[10]

Meanwhile, on August 5, 2025, the Court granted Defendants' motion to compel arbitration and stayed this action until further Court order.[11]

On August 14, 2025, Plaintiff filed his first motion, the Motion to Vacate Void Order Compelling Arbitration and Staying Case; Motion for Relief from Judgment Pursuant to Fed. R. Civ. P. 60(b)(4), and 60(b)(3); and Request for Immediate Hearing.[12] As relief, Plaintiff seeks an order vacating the Court's August 5, 2025

---

[7] Docket 20 at 2, ¶ 2; *see* Docket 20-1 at 1-7.

[8] Docket 20-1 at 4.

[9] Docket 20-1 at 4.

[10] Docket 20.

[11] Docket 17 at 1-2, 13-14.

[12] Docket 19.

Case No. 4:25-cv-00018-SLG, *White v. Greensky, LLC, et al.*
Order on Two Pending Motions
Page 3 of 10
Case 4:25-cv-00018-SLG    Document 28    Filed 02/13/26    Page 3 of 10

order, or in the alternative, an order staying the arbitration.[13] In addition, Plaintiff maintains he was never served with Defendants' earlier motions and seeks an order directing Defendants to produce proof of service of those motions.[14] Plaintiff attached to his motion an audit report dated August 13, 2025 prepared by TJ Henderson-Heigh.[15] In the report, Mr. Henderson-Heigh asserts that based on his review, Plaintiff has multiple viable claims against Defendants.[16] Plaintiff asserts that Mr. Henderson-Heigh's report is "evidence [that] was unavailable at the time of the Court's August 5 Order and materially changes the posture of the case."[17] Plaintiff also attached his own affidavit, attesting that he had not been served with either of Defendants' previous motions.[18]

On September 8, 2025, Plaintiff filed his second motion, a Motion to Vacate and Void Orders for Lack of Service and Denial of Due Process.[19] This motion again seeks an order vacating the Court's August 5, 2025 order compelling arbitration because Defendants' motions were never served on him, and hence,

---

[13] Docket 19 at 5.

[14] Docket 19 at 5-6.

[15] Docket 19-1 at 1-10.

[16] Docket 19-1 at 1-10.

[17] Docket 19 at 5.

[18] Docket 19-2.

[19] Docket 23.

Case No. 4:25-cv-00018-SLG, *White v. Greensky, LLC, et al.*
Order on Two Pending Motions
Page 4 of 10
Case 4:25-cv-00018-SLG   Document 28   Filed 02/13/26   Page 4 of 10

Plaintiff maintains that his right to due process was denied.[20] He also seeks an order sanctioning Defendants' counsel, an order referring Defendants' counsel and the Arbitrator to the Department of Justice for criminal investigation, and the reinstatement of Plaintiff's Amended Petition.[21] He attached over 1,000 pages of documents to this motion.[22]

The Court has jurisdiction pursuant to 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. § 1367, supplemental jurisdiction.

## DISCUSSION

### I. Failure to Provide Service

Plaintiff raises multiple issues in his two motions. The Court first considers Plaintiff's assertion that Defendants failed to properly serve him with the two motions that they filed in June 2025 at the outset of this case.[23] Defendants' Certificates of Service for their filings all state that the filings were "served electronically" on Plaintiff.[24] In his motion at Docket 23, Plaintiff maintains that he "has never consented to electronic service, has never received any filing

---

[20] Docket 23 at 1.

[21] Docket 23 at 15-16.

[22] Docket 23-1 through Docket 23-22.

[23] Docket 19 at 2.

[24] *See* Docket 9 at 17; Docket 10 at 8; Docket 11 at 1.

Case No. 4:25-cv-00018-SLG, *White v. Greensky, LLC, et al.*
Order on Two Pending Motions
Page 5 of 10
Case 4:25-cv-00018-SLG    Document 28    Filed 02/13/26    Page 5 of 10

electronically, and has repeatedly required that service be made by U.S. Mail."[25] Defendants do not respond at all to these allegations in either of their opposition briefs; indeed, each of their oppositions states it was "served electronically" on Plaintiff.[26]

Pursuant to Federal Rule of Civil Procedure 5, it is the responsibility of the filing party to ensure that all other parties are properly served. Self-represented parties must be served by one of the means specified in Rule 5(b)(2). Under that rule, a self-represented litigant cannot be served electronically unless that litigant has consented to such service in writing.[27] There is no written consent to electronic service by Plaintiff in the record.

To the contrary, the record demonstrates that Defendants have not complied with their obligation to serve their filings on Plaintiff in a manner that complies with Rule 5. The Court also notes that Plaintiff did not file an opposition brief to either of Defendants' motions filed at Docket 9 and Docket 10, which is consistent with Plaintiff's sworn statement that he never received either filing before the Court entered the August 5, 2025 order. Further, Plaintiff provided a mailing address, not an email address, in his Complaint and the Civil Cover Sheet.[28] And attached to

---

[25] Docket 23 at 1.

[26] Docket 22 at 6; Docket 24 at 6.

[27] Fed. R. Civ. P. 5(b)(2)(E).

[28] *See* Docket 1 at 4; Docket 2 at 1.

Case No. 4:25-cv-00018-SLG, *White v. Greensky, LLC, et al.*
Order on Two Pending Motions
Page 6 of 10
Case 4:25-cv-00018-SLG    Document 28    Filed 02/13/26    Page 6 of 10

Defendants' August 14, 2025 status report is an email communication from Plaintiff.[29] In the "Communication Requirements" section of that correspondence, Plaintiff notified Defendants' counsel that he never authorized "official service of notices, pleadings, or case-related correspondence by email."[30] He added, "[a]ny email sent without a corresponding properly-served hard copy shall be treated only as an informal courtesy and will not constitute proper notice or service."[31] Thus, even before Plaintiff filed his motions at Docket 19 and Docket 23, he had explicitly told Defendants' counsel that he had not been receiving proper service of Defendants' relevant filings.[32] Nonetheless, Defendants continued to fail to abide by the service requirements of Rule 5 when they filed their oppositions to Plaintiff's motion and purported to electronically serve them on Plaintiff.

In light of Defendants' rule violations, the Court finds that Plaintiff is entitled to certain relief that accords him the opportunity to be heard with respect to his concerns regarding the arbitration proceeding. Here, the arbitration had already concluded when the Court entered its August 5, 2025 order compelling arbitration and staying this case. Hence, vacating that order at this time will have no meaningful effect.

---

[29] Docket 20 at 2-3, ¶ 4; Docket 20-2 at 1-2.

[30] Docket 20-2 at 1.

[31] Docket 20-2 at 1.

[32] *See* Docket 20 at 2-3, ¶ 4; Docket 20-2 at 1-2.

Case No. 4:25-cv-00018-SLG, *White v. Greensky, LLC, et al.*
Order on Two Pending Motions
Page 7 of 10
Case 4:25-cv-00018-SLG   Document 28   Filed 02/13/26   Page 7 of 10

In their August 2025 status report, Defendants stated that they intended to file a motion lifting the stay in this case, confirming the arbitration judgment, and seeking dismissal of Plaintiff's claims in this matter with prejudice.[33] But to date they have not done so. Accordingly, the Court will lift the stay at this time, and accord to Plaintiff 30 days from the date of this order within which to file a motion to vacate the dismissal order in the arbitration proceeding. Defendants may, within that same timeframe, file a motion seeking to confirm the arbitration order.

Although Plaintiff also seeks sanctions on Defendants' counsel (in addition to the arbitrator), the Court finds that sanctions under Rule 11(c) are not appropriate at this time.[34] However, the Court will remind the parties that both attorneys and self-represented litigants are expected to follow the same rules and procedures.[35] Counsel for Defendants confirmed that he had read the Local Rules and understands that the practice and procedures for the District of Alaska may differ from the courts where he regularly practices.[36] If Defendants' counsel commit

---

[33] *See* Docket 20 at 4.

[34] *See* Docket 23 at 15.

[35] 28 U.S.C. § 1654 (permitting parties in federal court to represent themselves or be represented by an attorney, subject to the court's rules); *see also* Local Civil Rule 1.1(a)(3) ("All parties, including self-represented parties, must comply with these Local Rules and the Federal Rules of Civil Procedure. References in these rules to 'counsel' or 'attorneys' also refer to self-represented parties."); Local Civil Rule 83.1(h) ("The standards of the Alaska Rules of Professional Conduct apply to any attorney admitted to practice in this court.").

[36] Docket 26 at 3 ("I certify I have read the District of Alaska local rules by visiting the court's website at http://www.akd.uscourts.gov and understand that the practices and procedures of this court may differ from the practices and procedures in the courts to which I am regularly admitted."). The Court also notes that Attorney Sean Fleming's Application to Appear Pro Hac

any further Rule 5 violations, the Court intends to impose sanctions authorized under Rule 11(c).

## II. Defendants' Requests to Strike

In their oppositions, Defendants ask the Court to strike both of Plaintiff's motions pursuant to Rule 12(f).[37] They maintain that "[w]hile styled differently, Plaintiff's Motion is essentially a Motion for Reconsideration of the Court's prior order compelling the parties to arbitration and staying the case. Plaintiff did not seek leave prior to filing his Motion, nor did he request a lift of the case's current stay. Accordingly, Defendants object to Plaintiff's Motion and request the Court strike it in its entirety under Fed. R. Civ. P. 12(f)."[38]

However, motions to strike are generally limited to seeking to strike pleadings—i.e., complaints or answers—that contain "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."[39] Further, a request for relief must not be included in an opposition to another motion; it should be separately filed.[40] And given the lack of valid Rule 5 service on Plaintiff of the underlying motion to compel arbitration that led to the entry of the August 5, 2025

---

Vice was not properly filed until December 2025. *See* Docket 26. Mr. Fleming first appeared in this matter in June 2025. *See* Docket 12.

[37] *See* Docket 22 at 2, ¶ 2; Docket 24 at 2, ¶ 2.

[38] Docket 22 at ¶ 2, 2; *see also* Docket 24 at ¶ 2, 2.

[39] Fed. R. Civ. P. 12(f).

[40] District of Alaska Local Civil Rule 5.1(f)(2).

Case No. 4:25-cv-00018-SLG, *White v. Greensky, LLC, et al.*
Order on Two Pending Motions
Page 9 of 10
Case 4:25-cv-00018-SLG     Document 28     Filed 02/13/26     Page 9 of 10

order, Plaintiff is entitled to be heard on the validity of the arbitration proceeding. Plaintiff's request that the Court "[s]trike Defendants' filings containing scandalous matter, personal attacks, and false certificates of service" is also rejected.[41]

## CONCLUSION

In light of the foregoing, IT IS ORDERED as follows:

1. The stay in this matter is LIFTED.

2. The motions at Dockets 19 and 23 are GRANTED in part as follows: Plaintiff may file a motion seeking to vacate the arbitration order and Defendants may file a motion to confirm the arbitration order within **30 days of the date of this order**.

3. Plaintiff's motions at Dockets 19 and 23 are otherwise DENIED.

DATED this 13th day of February 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[41] Docket 23 at 15, ¶ 2.

Case No. 4:25-cv-00018-SLG, *White v. Greensky, LLC, et al.*
Order on Two Pending Motions
Page 10 of 10
Case 4:25-cv-00018-SLG    Document 28    Filed 02/13/26    Page 10 of 10