**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| TIMOTHY A. WHITE,<br>Plaintiff,<br>v.<br>GREENSKY, LLC, and GOLDMAN SACHS BANK USA,<br>Defendants. | Case No. 4:25-cv-00018-SLG |

**ORDER CONFIRMING ARBITRATION AWARD AND DISMISSING ACTION**

Before the Court at Docket 30 is Defendants Greensky, LLC and Goldman Sachs Bank USA's Motion to Confirm Arbitration Award. Plaintiff Timothy A. White filed Notices at Docket 29 and Docket 32, which the Court construes as a motions to vacate the arbitration award.[1] Defendants replied to Plaintiff's Notices at Docket 35. Plaintiff then filed two responses to Defendants' reply at Docket 36 and Docket 37. Oral argument was not requested and was not necessary for the Court's determination.

**BACKGROUND**

The Court assumes familiarity with its prior decisions and the facts of this case.[2] The facts and procedural background as directly relevant to these motions are as follows:

---

[1] Docket 34 at 1.

[2] *See generally* Docket 5; Docket 17; Docket 28.

On December 4, 2022, Plaintiff entered into an installment loan agreement with Goldman Sachs Bank USA as the lender and Greensky, LLC as the servicing agent (the "Loan Agreement").[3] Paragraph 19 of the Loan Agreement requires that all claims between the parties be resolved by arbitration "IF ARBITRATION IS CHOSEN BY ANY PARTY."[4] The Loan Agreement further provides that "[j]udgment upon any arbitration award may be entered in any court having jurisdiction."[5]

On September 11, 2024, Plaintiff initiated the arbitration process against Greensky, LLC with respect to the loan.[6] On April 9, 2025, Plaintiff sent an email to the Arbitrator seeking to compel discovery from Greensky.[7] That same day the Arbitrator denied the request because it was not "the proper procedure in Arbitration to request discovery."[8] On April 16, 2025, the Arbitrator held a telephonic hearing to determine deadlines for the arbitration proceedings, and the parties agreed that Plaintiff would not "file any further motions, but would file his supporting documents, and arguments, by May 16, 2025."[9]

---

[3] Docket 9 at 2-3 (citing Docket 9-1–9-4; and then Docket 9-13).

[4] Docket 9-1 at 8.

[5] Docket 9-1 at 9.

[6] Docket 20-1 at 3.

[7] Docket 30-11 at 1.

[8] Docket 30-11 at 1.

[9] Docket 30-12 at 1.

But Plaintiff did not file anything further with the AAA.[10] Instead, on May 9, 2025, Plaintiff initiated this action against Greensky, LLC and Goldman Sachs Bank USA, seeking to vacate the arbitration proceedings.[11] In June 2025, Defendants filed an Answer and also filed a motion to dismiss and motion to compel arbitration.[12]

On July 28, 2025, the Arbitrator entered an order granting Greensky's motion to dismiss the arbitration proceeding.[13] The Dismissal Order explains that White initiated the arbitration and filed motions for discovery and summary judgment without following the Arbitration Rules.[14] It also states that Plaintiff "did not address, or support with evidence his claim, that he was owed money" from Greensky.[15] Further, the Dismissal Order states that "[b]ecause no evidence was submitted by the Claimant, no damages are granted to him."[16] The Dismissal Order stated that "[d]ismissal with prejudice is granted in full settlement of all claims

---

[10] Docket 20-1 at 4.

[11] Docket 1.

[12] Docket 7; Docket 8; Docket 9; Docket 10.

[13] Docket 20 at 2, ¶ 2; *see* Docket 20-1 at 1-7; Docket 30-15.

[14] Docket 30-15 at 3-4.

[15] Docket 30-15 at 4.

[16] Docket 30-15 at 4.

submitted to this Arbitration," but the Arbitrator declined to award Greensky its fees and costs.[17]

Meanwhile, on August 5, 2025, the Court granted Defendants' motion to compel arbitration and stayed this action until further Court order.[18] The Court found that there was a valid arbitration agreement between the parties and that the arbitration agreement covered Plaintiff's claims.[19]

On February 13, 2026, this Court lifted the stay and permitted Plaintiff to file a motion to vacate the arbitration award and Defendants to file a motion to confirm the arbitration award within 30 days.[20] On March 13, 2026, Defendants filed a motion to confirm the arbitration award. On March 10 and 27, 2026, Plaintiff filed Notices which the Court construes as motions to vacate the arbitration award.[21]

The Court has jurisdiction pursuant to 28 U.S.C. § 1331, federal question jurisdiction, and 28 U.S.C. § 1367, supplemental jurisdiction.

## LEGAL STANDARD

Section 9 of the Federal Arbitration Act ("FAA") provides:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year

[17] Docket 30-15 at 4.

[18] Docket 17 at 1-2, 13-14.

[19] Docket 17 at 9-12.

[20] Docket 28 at 10.

[21] Docket 34 at 1.

> after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11 of this title.[22]

Section 10 and Section 11 of the FAA, discussed below, identified certain limited circumstances when a court may vacate an arbitration award.

**DISCUSSION**

Defendants seek an order from this Court confirming the arbitration award entered by arbitrator Jane Kauvar in AAA Case No. 01-24-0007-7039 and dismissing Plaintiff's claims in this case.[23]

This Court has already determined that a valid arbitration agreement exists and that Plaintiff's claims are covered by the terms of that agreement.[24] To the extent that Plaintiff argues otherwise, the Court finds those arguments unavailing.[25]

Plaintiff also argues that the arbitrator violated due process because the arbitrator denied Plaintiff's requests for discovery from Defendants.[26] The Court has reviewed these requests; they are difficult to comprehend, but appear to seek

---

[22] 9 U.S.C. § 9.

[23] Docket 30 at 16; Docket 30-15 (Dismissal Order of Arbitrator).

[24] Docket 17 at 9-12.

[25] *See, e.g.*, Docket 32 at 2 ("If Greensky and Goldman Sach[s] Bank are using an arbitration agreement to which they are not a party, or cannot produce the original agreement or all documents requested, Timothy White argues that the arbitration requirement is unenforceable without the burden of proof from Greensky and Goldman Sach[s] Bank.").

[26] Docket 32 at 1-2; *see also* Docket 36 at 2; Docket 37 at 2, ¶ 4.

discovery related to “the securitization of his credit card account.”[27] Plaintiff also maintains that Greensky’s counsel’s requests for dismissal of the arbitration and this case are in violation of due process.[28] In Plaintiff’s view, the arbitration proceedings were “fundamentally unfair.”[29]

Section 10 of the FAA provides that a court may vacate an arbitration award if the award was “procured by corruption, fraud, or undue means”; “there was evident partiality or corruption” by the arbitrators; “the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced;” or “the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.”[30]

Section 11 of the FAA permits a court to modify or correct an arbitration award where (1) there was a “material miscalculation” or “material mistake in the description of any person, thing, or property referred to in the award”; (2) “the arbitrators have awarded upon a matter not submitted to them, unless it is a matter

---

[27] Docket 35-6 at 1.

[28] Docket 32 at 3-4; *see also* Docket 36 at 1-4.

[29] Docket 37 at 4, ¶ 14.

[30] 9 U.S.C. § 10(a).

not affecting the merits of the decision upon the matter submitted"; or (3) "the award is imperfect in matter of form not affecting the merits of the controversy."[31]

Plaintiff does not provide any evidence or argument that the arbitration order was procured by corruption, fraud or undue means; that the Arbitrator was herself corrupt or failed to be impartial; or that the Arbitrator committed misconduct in refusing to postpone any hearing or to hear certain evidence. At most, Plaintiff's arguments against confirmation of the arbitration award amount to an assertion that the Arbitrator imperfectly executed her duties. But a court may only "vacate an award that evidences affirmative misconduct in the arbitral process or the final result or that is completely irrational or exhibits a manifest disregard for the law. These grounds afford an extremely limited review authority, a limitation that is designed to preserve due process but not to permit unnecessary public intrusion into private arbitration procedures."[32]

Plaintiff has not shown that there was affirmative misconduct or that the arbitration order is completely irrational or exhibits a manifest disregard for the law. Indeed, the Court's review of the record shows that the Arbitrator informed Plaintiff that his requests for discovery were improper and Plaintiff later agreed not to file any additional motions but instead agreed to file his supporting documentation and arguments, but then failed to do so. After Plaintiff failed to file the requisite proof,

---

[31] 9 U.S.C. § 11.

[32] *Kyocera Corp. v. Prudential-Bache T Servs.*, 341 F.3d 987, 998 (9th Cir. 2003).

the Arbitrator entered an order dismissing Plaintiff's claims with prejudice. The Court finds no affirmative misconduct, irrationality, or manifest disregard for the law in the record.

Further, Plaintiff does not contend that the award must be modified or corrected or that any of the Section 11 grounds exist to justify the award's correction or modification.

**CONCLUSION**

In light of the foregoing, Defendants' Motion to Confirm Arbitration Award at Docket 30 is GRANTED. The Dismissal Order of Arbitrator in AAA Case Number 01-24-0007-7039 is CONFIRMED.[33] Further, in light of the confirmation of the arbitration order, Plaintiff's claims in this case are DISMISSED with prejudice. This dismissal includes Plaintiff's request that attorney Sean Fleming and Arbitrator Jane Kauvar each pay him $500,000.[34]

The Clerk of Court is directed to prepare a final judgment and close this case.

DATED this 19th day of November 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[33] Docket 30-15 at 3-5.

[34] Docket 32 at 4.